**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA TENNARO-MESSINA,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC., *et al.*,<br><br>Defendants. | Civil Action No. 23-20852 (GC) (JTQ)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

    **THIS MATTER** comes before the Court upon Defendant W Hotel Management, Inc.'s[1] Motion to Transfer Venue to the United States District Court for the Southern District of Florida. (ECF No. 11.) Plaintiff Donna Tennaro-Messina opposed, and Defendant replied. (ECF Nos. 14 & 15.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**. The matter will be transferred to the Southern District of Florida.

---

[1] Counsel for Defendant represents that the entity that should have been properly sued is "W Hotel Management, Inc.," not W Fort Lauderdale or Marriott International, Inc., as named in the caption of the original Complaint. (ECF No. 1 at 2.) Plaintiff does not dispute this, and in her opposition to the Motion to Transfer Venue acknowledges that W Hotel Management, Inc., was improperly sued as W Fort Lauderdale and Marriott International, Inc. (*See* ECF No. 14 at 4 ("The underlying stems from a premises liability action which the Plaintiff brings against defendants, W Hotel Management, Inc., i/s/a W Fort Lauderdale and Marriott International, Inc.").)

I. **BACKGROUND**

This is a personal injury and premises liability case stemming from Plaintiff Donna Tennaro-Messina's January 16, 2022 stay at the W Fort Lauderdale, a hotel in Fort Lauderdale, Florida. (ECF No. 1-3 1-4.[2]) Ms. Tennaro-Messina, a resident of Sayreville, New Jersey, alleges that she suffered "severe, painful, disabling, and permanent injuries" when she slipped and fell "on a slippery substance that was present on the hotel lobby floor." (*Id.* at 4-7.)

On August 30, 2023, Plaintiff filed a Complaint and Jury Demand in the Superior Court of New Jersey, Middlesex County, against W Fort Lauderdale and its alleged owner, Marriott International, Inc., as well as other unidentified persons and entities, claiming that they "negligently failed to maintain the floor of the hotel in a reasonably safe condition." (*Id.* at 4.)

On October 3, 2023, W Fort Lauderdale and Marriott International removed the Complaint to the United States District Court for the District of New Jersey based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) They indicated that the proper defendant was W Hotel Management, Inc., a corporation organized under the laws of Delaware with a principal place of business in Maryland. (*Id.* at 2.) Defendant W Hotel Management answered the Complaint on November 10, 2023.[3] (ECF No. 10.) It then moved to transfer the case to the United States District Court for the Southern District of Florida. (ECF No. 11.) Plaintiff opposed, and Defendant replied. (ECF Nos. 14 & 15.)

II. **LEGAL STANDARD**

"Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case might have been brought, or to which the parties have consented, for the

---

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] Defendant asserted improper venue as one of its affirmative defenses. (ECF No. 10 at 4.)

convenience of the parties and witnesses and in the interest of justice." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). The party moving to transfer "bears the burden of persuasion." *Id.*

"Factors the court must consider include the three enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors." *Id.* Private factors "include the 'plaintiff's forum preference as manifested in the original choice'; 'the defendant's preference'; 'whether the claim arose elsewhere'; 'the convenience of the parties as indicated by their relative physical and financial condition'; 'the convenience of the witnesses'; and 'the location of books and records,' as well as 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (citations omitted). Public factors "include 'the enforceability of the judgment'; 'the relative administrative difficulty in the two fora resulting from court congestion'; 'the local interest in deciding local controversies at home'; 'the public policies of the fora'; and 'the familiarity of the trial judge with the applicable state law in diversity cases.'" *Id.* (citation omitted).

The court must ultimately decide, "on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *In re McGraw-Hill*, 909 F.3d at 57 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

### III. DISCUSSION

Defendant argues that this case should be transferred to the United States District Court for the Southern District of Florida because that is the venue where the slip-and-fall giving rise to the claims occurred, where the witnesses and evidence relating to liability are based, and where Plaintiff received medical treatment on the date of the fall. (ECF No. 11-3 at 4.) Further,

3

Defendant argues that a "jury of Floridians has [a] far greater interest in adjudicating the maintenance of premises in Florida than a jury from" New Jersey. (*Id.*) Defendant provides a sworn declaration from Christopher Hinkson, a Loss Prevention Manager at The W Fort Lauderdale. (ECF No. 11-4 at 17-18.) Hinkson attests that the incident report related to Plaintiff's fall is in Florida; the security officer who responded to Plaintiff's fall lives and works in Florida; the employee who called 911 when Plaintiff fell lives and works in Florida; and Plaintiff received medical treatment in Florida on the date of the fall. (*Id.*)

In opposition, Plaintiff argues that "the applicable private and public-interest factors weigh in favor of denying . . . [the] motion, as a change in venue . . . would be inappropriate." (ECF No. 14 at 5.) Plaintiff notes that she lived in New Jersey at the time of the fall and continues to live in New Jersey, and she contends that her preference of forum should be given deference, particularly due to Defendant's "superior financial status and ability to absorb the costs of litigating in a foreign venue." (*Id.* at 6-8.) Plaintiff also contends that "a multinational corporation should anticipate doing business with patrons from other states and countries," and it is fairer for Plaintiff to be allowed to pursue her claims in New Jersey than to force her to litigate in Florida, a state she was in "for a couple of days for vacation." (*Id.*) Plaintiff notes that "the majority of [her] medical treatment including her surgery occurred in New Jersey," and she argues that this favors a New Jersey forum because her "medical experts which will be called at the time of trial will be located in New Jersey." (*Id.* at 8.) Finally, Plaintiff maintains that federal courts are regularly called upon to interpret the laws of other jurisdictions, and a New Jersey jury has an "interest in hearing the case of a New Jersey woman seeking justice for her injuries . . . caused by the negligence of Defendant[]." (*Id.* at 8-9.)

4

Having carefully considered the parties' arguments and the relevant factors, the Court finds that this litigation could have originally been brought in the Southern District of Florida[4] and that, on balance, it would more conveniently proceed there, and the interests of justice are better served by the case being transferred to that venue.

### 1. PRIVATE FACTORS

The private factors generally weigh in favor of transferring this case. Although a plaintiff's venue preference is entitled to deference, "courts give substantially less weight to the plaintiff's forum choice" in personal injury actions "when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state." *Shubert v. Marriott Int'l, Inc.*, Civ. No. 15-CV-05111, 2016 WL 245252, at *2 (D.N.J. Jan. 21, 2016). Indeed, "several courts in this circuit have not afforded significant deference to a plaintiff's choice of forum when the underlying accident occurred in [a] different state." *Koeller v. Pilot Travel Ctrs., LLC*, Civ. No. 22-2270, 2023 WL 3250512, at *3 (D.N.J. May 4, 2023) (collecting cases); *Foster v. Marriott Resort Hosp. Corp.*, Civ. No. 17-12901, 2018 WL 3360763, at *2 (D.N.J. July 10, 2018) ("[B]ecause the injury underlying the complaint occurred in Florida, the deference normally afforded to Plaintiff's venue choice is curbed.").

Here, Plaintiff's case arises from injuries she allegedly sustained at a hotel in Fort Lauderdale, Florida, when she slipped and fell in the hotel's lobby. She faults Defendant for negligently "fail[ing] to maintain the floor of the hotel in a reasonably safe condition" and for "fail[ing] to warn Plaintiff of the danger presented by the presence of the slippery substance on the

---

[4] Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The hotel where Plaintiff suffered her injuries and the place where the events that give rise to her claims occurred are in the Southern District of Florida. *See Palazzo v. Ciurlino*, Civ. No. 05-5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006) ("[V]enue . . . is appropriate . . . since that is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

floor." (ECF No. 1-3 at 4.) There is no suggestion that Defendant's negligence occurred anywhere other than in Florida or that Plaintiff suffered injuries elsewhere. Thus, the dispute central to this lawsuit is predicated on events that occurred exclusively, or almost exclusively, in Florida. This weighs in favor of transfer from New Jersey to Florida.

As to the parties' financial condition, it is reasonable to presume that Defendant, a "large compan[y], [is] likely better positioned to absorb the general costs of litigation . . . , that remains the case whether the case proceeds in New Jersey or [Florida]." *Koeller*, 2023 WL 3250512, at *4. And Plaintiff offers "no specific inconvenience or financial impediment that would preclude [her] from litigating in [Florida]." *Id.* For example, Plaintiff does not attach to her opposition an affidavit or any documentary evidence that speaks to an inability to litigate this case in Florida. This factor is therefore neutral. *See Foster*, 2018 WL 3360763, at *3 ("In similar personal injury cases, courts have routinely rejected plaintiffs' efforts to argue against transferring venue on the grounds it would be easier for the defendants to incur the cost of litigating in the plaintiff's foreign venue." (collecting cases)).

As to the convenience of the witnesses, the declaration submitted by Defendant indicates that most liability witnesses in this case (the security officer who responded to the fall and personnel responsible for maintaining the premises) are in the Southern District of Florida. Plaintiff is the only apparent witness to her injuries who resides in New Jersey. Plaintiff emphasizes that she received post-injury medical treatment at various facilities in New Jersey, but "the location of expert witnesses or treating physicians is not particularly relevant in the transfer analysis, as they would not be expected to testify as to liability issues, but instead provide damages related testimony." *Koeller*, 2023 WL 3250512, at *5 (collecting cases); *see also Foster*, 2018 WL 3360763, at *3 ("Subsequent medical treatment in New Jersey for injuries that occurred in

other venues is not dispositive when the injury underlying the claim occurred in another state." (collecting cases)). This factor favors transfer.

Finally, as to the location of books and records, the hotel's incident report is in the Southern District of Florida, as is its paperwork presumably regarding the maintenance and inspection of its premises. (ECF No. 11-4 at 17-18.) Nevertheless, because "in the age of electronic discovery, the physical location of physical documents is of little significance," this factor has little impact on the transfer decision. *Curcio ex rel. United States v. CCS Med., Inc.*, Civ. No. 19-5527, 2023 WL 4295738, at *7 (D.N.J. June 30, 2023) (quoting *Guarino v. W. Union Co.*, Civ. No. 20-5793, 2021 WL 3286640, at *10 (D.N.J. Aug. 2, 2021)); *Koeller*, 2023 WL 3250512, at *5 ("[T]he location of books and records, is neutral, as neither party has demonstrated that the location of records is a significant issue in this case.").

### 2. PUBLIC FACTORS

The public factors weigh heavily in favor of transferring this case. Florida has a greater local interest in this case because the central events related to liability occurred there. And "[g]iven [Florida's] superior interest, the burden of jury duty is more fairly placed on residents of [Florida]." *Shubert*, 2016 WL 245252, at *3; *accord Koeller*, 2023 WL 3250512, at *6 ("[J]ury duty should not be imposed on the citizens of New Jersey when the events giving rise to the claim occurred outside the state."); *Zangara v. Nat'l Bd. of Med. Exam'rs*, Civ. No. 22-1559, 2023 WL 6533467, at *7 (D.N.J. Oct. 6, 2023) ("[T]he conduct giving rise to Plaintiff's claims occurred outside of the state of New Jersey, and courts in this District have counseled that jury duty should not be imposed on the citizens of New Jersey under such circumstances.").

Further, because "the events underlying Plaintiff's suit occurred in [Florida], and thus, it is [Florida] law that will determine whether Defendant is ultimately liable for Plaintiff's alleged injuries," Florida "has an overriding interest in deciding this local controversy." *Shubert*, 2016

WL 245252, at *3; *see also Koeller*, 2023 WL 3250512, at *6 ("New Jersey's concern for its injured citizens, although legitimate, is outweighed by another state's legitimate interest in discouraging unsafe local property conditions and unsafe local conduct." (quoting *Lauria v. Mandalay Corp.*, Civ. No. 07-817, 2008 WL 3887608, at *4 (D.N.J. Aug. 18, 2008))); *Foster*, 2018 WL 3360763, at *3 ("Court decisions applying Florida law impact Florida citizens. Consequently, Florida's citizens have a stake in the outcome, and the jury should be chosen from their numbers.").

As to court congestion, the District of New Jersey is known to have a heavy case load and "one of the largest total number of filings recorded in the country."[5] *Guarino*, 2021 WL 3286640, at *10 (quoting *Church v. Glencore PLC*, Civ. No. 18-11477, 2020 WL 4382280, at *6 (D.N.J. July 31, 2020)); *Saul v. Seeking Alpha Inc.*, Civ. No. 23-1405, 2023 WL 8091852, at *4 (D.N.J. Nov. 21, 2023) ("[T]he District of New Jersey has faced significant court congestion for years."); *Curcio ex rel. United States*, 2023 WL 4295738, at *7 ("[W]ithout making a finding as to the relative congestion of the possible fora, the Court finds that judicial economy, 'a cognizable public interest,' does not favor this case remaining in this extraordinarily busy court." (citation omitted)). Accordingly, court congestion does not militate against transfer if the other factors favor it.

Finally, as to the enforceability of any judgment, the parties do not dispute that a judgment would be equally enforceable in Florida and New Jersey. This factor is neutral.

---

[5]    As of December 31, 2023, there were 78,298 civil cases pending in the District of New Jersey compared to 3,833 pending in the Southern District of Florida. *See* WEBSITE OF THE U.S. DISTRICT COURTS, *Civil Statistical Tables for the Federal Judiciary (Dec. 31, 2023)*, available at https://www.uscourts.gov/statistics/table/c/statistical-tables-federal-judiciary/2023/12/31 (last visited June 17, 2024).

In sum, because the private and public interest factors, on balance, support transfer, the case is relatively recent, and very little litigation has so far occurred in this District that would support retaining it, the case will be transferred to the Southern District of Florida.

### IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Transfer Venue (ECF No. 11) is **GRANTED**. An appropriate Order follows.

Dated: June 20, 2024

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**